Harry E. **TREXLER**, Claimant–
Appellant,

v.

Sloan D. **GIBSON**, Acting Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2014–7056.

United States Court of Appeals,
Federal Circuit.

July 10, 2014.

Harry E. Trexler, of Rockwell, North
Carolina, pro se.

Jessica R. Toplin, Trial Attorney, Com-
mercial Litigation Branch, Civil Division,
United States Department of Justice, of
Washington, DC, for respondent-appellee.
With her on the brief were Stuart F. De-
lery, Assistant Attorney General, Robert
E. Kirschman, Jr., Director, and Scott D.
Austin, Assistant Director. Of counsel on
the brief were David J. Barrans, Deputy
Assistant General Counsel, and Meghan D.
Alphonso, Attorney, United States Depart-
ment of Veterans Affairs, of Washington,
DC.

Before NEWMAN, REYNA, and
HUGHES, Circuit Judges.

NEWMAN, Circuit Judge.

Harry E. Trexler appeals the judgment
of the United States Court of Appeals for
Veterans Claims (the "Veterans Court")
affirming the Board of Veterans' Appeals'
denial of entitlement to an effective date
earlier than June 26, 1997 for the grant of
benefits under 38 U.S.C. § 1151 for status-
post carcinoid tumor, post-operative small
bowel resection with metastasis to the liv-
er. *Trexler v. Shinseki,* No. 12–3452, 2014
WL 92792 (Vet.App. Jan. 10, 2014). Mr.
Trexler challenges the Veterans Court's
factual determinations, and thus has not
presented an issue reviewable under this
court's jurisdiction. Accordingly, the ap-
peal is dismissed.

DISCUSSION

This court's jurisdiction to review deci-
sions of the Veterans Court is generally
limited to the validity of a decision of the
Veterans Court on a rule of law, or any
statute or regulation, and any interpreta-
tion thereof, relied upon by the Veterans
Court in reaching its decision. *See* 38
U.S.C. § 7292; *Kyhn v. Shinseki,* 716 F.3d
572, 575 (Fed.Cir.2013). Only if the appeal
presents a constitutional issue may we re-
view a challenge to a factual determination
or the application of laws or regulations.
38 U.S.C. § 7292(d)(2). The interpretation
of a claim for benefits, including the con-
tents thereof, is such a factual issue not
reviewable by this court. *See Ellington v.
Peake,* 541 F.3d 1364, 1371–72 (Fed.Cir.
2008); *Bonner v. Nicholson,* 497 F.3d
1323, 1328 (Fed.Cir.2007).

Section 1151 of Title 38, U.S.Code (as in
effect prior to October 1, 1997), provides
for veterans disability compensation for
injuries or aggravations of injuries as a
result of Department of Veterans Affairs
hospitalization or medical treatment. *See,
e.g., Gardner v. Brown,* 5 F.3d 1456, 1458
(Fed.Cir.1993). Section 5110(a) governs
the assignment of an effective date for an
award of benefits:

[T]he effective date of an award based
on an original claim, a claim reopened
after final adjudication, or a claim for
increase, of compensation, dependency
and indemnity compensation, or pension,

shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

The implementing regulation for § 1151 states that the effective date shall be the "date injury or aggravation was suffered if claim is received within 1 year after that date; otherwise, date of receipt of claim." 38 C.F.R. § 3.400(i).

The Veterans Court affirmed the Board's factual finding that June 26, 1997 was the earliest date on which Mr. Trexler submitted a claim for benefits pursuant to § 1151. *Trexler*, 2014 WL 92792, at *4. Relying on § 5110(a) and 38 C.F.R. § 3.400(i), the court affirmed the Board's denial of an earlier effective date for § 1151 benefits. No error has been shown in this interpretation of the applicable statutes and regulation.

No constitutional violation has been shown in the actions referred to by Mr. Trexler. In April 2002, a Department of Veterans Affairs Regional Office ("RO") deferred action on Mr. Trexler's § 1151 claim pending a medical opinion. Mr. Trexler subsequently received a determination of entitlement to benefits under § 1151. Mr. Trexler now appears to argue that the RO's deferral violated his constitutional right to due process. We discern no merit in this argument. The invocation of the Constitution is insufficient to confer jurisdiction when no constitutional issue is presented. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999).

Mr. Trexler's action under the Federal Tort Claims Act brought in federal district court is not within our appellate jurisdiction. *See* 28 U.S.C. § 1331; 38 U.S.C. § 7292.

* Randall R. Rader, who retired from the position of Circuit Judge on June 30, 2014, did

No costs.

**DISMISSED.**